MECHANICS' MUTUAL SAVINGS ASSOCIATION *v.* G. GATTI, ET AL.

**Married Women—Dower Release.**

> A married woman who joins in a mortgage on her husband's real
> estate thereby divests herself of dower therein the same as if she joins
> in a deed conveying such property. Her right to dower in mortgaged
> property where she has joined in the mortgage is subject to the rights
> of the mortgagee.

### APPEAL FROM CAMPBELL CHANCERY COURT.

February 17, 1877.

OPINION BY JUDGE COFER:

Mrs. Connelly united with her husband in both of the mortgages. In that to the building association she united simply for the purpose of releasing her potential right to dower. But in the mortgage to the Mechanics' Mutual Savings Association she united as a grantor, and thereby divested herself of all estate and interest in the lot, or so much of it as was necessary to satisfy the debt secured by the mortgage; and the fact that in a subsequent part of the conveyance the homestead exemption was expressly waived did not limit the effect of the preceding granting clause. She was, therefore, not entitled to dower in that lot.

There is nothing in the cases cited by her counsel that has any bearing upon the case. If she had not united as a grantor in the mortgage to the savings association, but had simply joined to waive the homestead exemption, there would have been some reason for saying that she had not released dower. In that case it might have been plausibly argued that having expressly waived one right she retained all others. But she first conveyed the whole estate so that both the homestead and dower were gone, and the express waiver of the homestead was unnecessary. The court therefore erred in adjudging to her the value of dower in the lot embraced by the mortgages.

She did not unite in the mortgage to the building association except for the purpose of releasing dower. Her name is not mentioned in the body of the mortgage and only appears in the following clause: "In witness whereof the said Edward Connelly, and Ann Connelly, his wife, who hereby relinquishes her dower in the premises described, have hereunto set their hands," etc. The object for which she joined in the conveyance being expressed to be to relinquish dower, that mortgage was not a waiver of the homestead exemption, and if that lot had been her husband's homestead at his death, she

would have been entitled to the exemption as against the mortgage last referred to. But her claim to a homestead was on it and not on the other.

Rejecting the claim of Mrs. Connelly, the proceeds of the sale were about equal to the lien and mortgage, debts and costs, and the excess of the proceeds of the sale of lot 109 was probably equal to Gatti's share of the costs, except such as he will be compelled to pay, only his debt and interest having been paid to him. The judgment as to him is *affirmed.* But as to Mrs. Connelly the judgment is *reversed* and the cause remanded with directions to order the $214.08 adjudged to her to be paid to the appellant.

*O. W. Root, E. W. Hawkins, for appellant.*

*A. T. Root, J. R. Hallam, for appellees.*